FREDRICK A. HAGEN (Cal. Bar No. 196220)
Berding & Weil LLP
2175 N. California Blvd., Suite 500
Walnut Creek, CA 94596
fhagen@berdingweil.com
Tel: (925) 963-6796

JOHN J. VECCHIONE (appearance *pro hac vice*)
KARA M. ROLLINS (appearance *pro hac vice*)
KATHERINE "CASEY" NORMAN (appearance *pro hac vice*)
NEW CIVIL LIBERTIES ALLIANCE
1225 19th St. NW, Suite 450
Washington, DC 20036
john.vecchione@ncla.legal, kara.rollins@ncla.legal, casey.norman@ncla.legal
Tel: (202) 869-5210
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PRECISION PATIENT OUTCOMES, INC.,<br>    a corporation; and<br><br>MARGRETT PRIEST LEWIS,<br>    Individually and as CEO of Precision<br>    Patient Outcomes, Inc.,<br><br>Defendants. | Case No. 3:22-cv-7307-AMO<br><br>**MOTION FOR RECUSAL OF A DISTRICT JUDGE PURSUANT TO 28 U.S.C. §455 AND REASSIGNMENT**<br><br>Hearing Date: August 10, 2023<br><br>Time: 2:00 p.m.<br><br>Location: Courtroom 10, 19th Floor |

**NOTICE OF MOTION AND MOTION FOR RECUSAL OF A**
**DISTRICT JUDGE PURSUANT TO 28 U.S.C. §455 AND REASSIGNMENT**

TO THE PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on August 10, 2023, at 2 p.m., pursuant to 28 U.S.C. §455, Precision Patient Outcomes, Inc. ("PPO") and Margrett Priest Lewis (collectively "Defendants") shall move and herby does move the Court for recusal of United States District Judge Araceli Martínez-Olguín.

Defendants respectively move to recuse United States District Judge Araceli Martínez-Olguín from continuing to preside over this case as there may be an appearance of bias to a neutral observer regarding a relationship between Judge Martínez-Olguín and a key witness, Raymond Manzo, for the Federal Trade Commission.

Defendants seek recusal of Judge Martínez-Olguín to determine if there may be alleged bias based due to her previous dealings and favorable relationship with a witness for the Federal Trade Commission. Defendants seek recusal and for the case to be reassigned.

Defendants' motion is based on this Notion of Motion and the Memorandum of Points and Authorities herein, and any other written or oral argument that the Defendants may present to the Court.

June 30, 2023                                  Respectfully Submitted,

/s/ John J. Vecchione
John J. Vecchione (appearance *pro hac vice* pending)
Kara M. Rollins (appearance *pro hac vice* pending)
NEW CIVIL LIBERTIES ALLIANCE
1225 19th St. NW, Suite 450
Washington, DC 20036
john.vecchione@ncla.legal, kara.rollins@ncla.legal
Tel: (202) 869-5210

/s/ Fredrick A. Hagen
Fredrick A. Hagen (Cal. Bar No. 196220)
Berding & Weil LLP
2175 N. California Blvd., Suite 500
Walnut Creek, CA 94596
fhagen@berdingweil.com
Tel: (925) 963-6796

## MEMORANDUM OF POINTS AND AUTHORITIES

Under federal law, Judge Martínez-Olguín should be recused based on the appearance of bias due to recommendations made in support of her nomination to the bench and statements to the press by a likely witness at trial who is employed by the Plaintiff Federal Trade Commission ("FTC") and investigated the Defendants in this matter. Pursuant to 28 U.S.C. §455, Judge Martínez-Olguín should recuse herself based on potential appearance of impartiality towards a party. A reasonable person could question the judge's impartiality based on a personal bias or prejudice on behalf of Mr. Manzo and his employer, a party in this suit.

Raymond Manzo, an investigator for the FTC and a likely witness at trial for FTC, previously served as the President of the San Francisco La Raza Lawyers Association ("SFLRLA"). In that capacity, he submitted, on behalf of the SFLRLA, a letter of recommendation in support of Judge Martínez-Olguín's nomination to the bench and spoke to the media on behalf of the SFLRLA in support of her nomination. Additionally, as Regional President for the Hispanic National Bar Association ("HNBA"), Mr. Manzo sat on a committee that approved an HNBA letter of recommendation in support of Judge Martínez-Olguín's nomination. Further, Mr. Manzo interviewed Judge Martínez-Olguín as part of her preparation for meeting with the HNB. He then spoke to the press about his support. This information was brought to Defendants' attention by the FTC and is contained in the proposed scheduling order of the parties. (Dkt. 49). Based on this relationship, the sensitivity and importance of this witness, and prior clear support provided to Judge Martínez-Olguín by Mr. Manzo to her present position, there is an appearance of bias to a neutral observer in any ruling regarding him, or his actions supporting the FTC's claims. As such, Judge Martínez-Olguín should recuse herself from the case based on a conflict of interest with a party.[1]

---

[1] Defendants have not deposed Mr. Manzo yet and, in any event, do not assert actual bias but move on the appearance of bias given Mr. Manzo's extraordinary help to Judge Martínez-Olguín in obtaining her current position and the nature of his undercover contact with Defendants that included lying and dissembling to Defendants by telling them he had a (fake) ailing mother who wanted her product.

3

MOTION FOR RECUSAL OF A
DISTRICT JUDGE PURSUANT TO
28 U.S.C. §455 AND REASSIGNMENT                                3:22-cv-7307-AMO

# ARGUMENT

**I.   THERE IS AN AFFIRMATIVE DUTY UPON THE JUDGE TO RECUSE HERSELF UNDER 28 U.S.C. §455**

Mr. Manzo has made numerous public displays of support regarding Judge Martínez-Olguín's nomination to the bench, and a reasonable person would question the Judge's impartiality based on Mr. Manzo's strong support of her and the many rulings that will potential relate to him, or his actions or testimony in this matter, particularly under cross-examination by Defendants' counsel. Under 28 U.S.C. §455, parties may seek recusal of a judge when there is potential bias or prejudice. A judge's impartiality might reasonably be questioned, where he/she has a personal bias or prejudice concerning a party, or where he/she has personal knowledge of evidentiary facts concerning the proceeding. Recusal is appropriate where a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be in question." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

Section 455 outlines when a judge shall disqualify herself during a proceeding. Section 455(a) states that "any justice, judge, or magistrate judge of the United States shall disqualify herself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) states that the judge shall also disqualify herself under an enumerated list of circumstances, including "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts, concerning the proceeding."

**A.   THE JUDGE'S IMPARTIALITY COULD REASONABLY BE QUESTIONED BY A NEUTRAL OBSERVER**

The goal of Section 455(a) is to avoid "even the appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). This requires an objective test based on public perception. Therefore, "recusal is required even when a judge lacks actual knowledge of the facts indicating his or her interest in the case if a reasonable person, knowing all the circumstances, would expect the judge would have actual knowledge." *Id*. at 861. Judges are called upon to take steps necessary to maintain public confidence in the impartiality and objectivity of the judiciary. If the judge concludes that "[her] impartiality might reasonably be questioned," then she should

also acknowledge the statute has been violated. In *Liljeberg*, the Court found an ample basis in the record to conclude that an objective observer, or a reasonable person, would have questioned the Judge's impartiality because he was a trustee of the university which had interest in the litigation. *Id.* at 848. Similar to this case, Mr. Manzo has actively promoted and publicly advocated for Judge Martínez-Olguín's nomination to the bench, including writing letters of recommendation and voicing his support in the press. He has made numerous public displays of support towards Judge Martínez-Olguín's nomination, including providing commentary in an online article about her nomination. He stated,

> Her confirmation is very significant, because it will bring a different viewpoint that is missing on the bench. Judges bring their career and personal experiences when making decisions and having her there with a civil rights and immigration attorney and Latina viewpoint will create a richer discussion and interpretation of the law.

Jack Karp, *Meet The Immigrant Rights Atty Turned California Fed. Judge*, CA. PULSE, Law360 (Apr. 20, 2023), https://www.law360.com/pulse/articles/1598878/meet-the-immigrant-rights-atty-turned-california-fed-judge. Certainly, Mr. Manzo who works for the FTC and works on its behalf has clear interest in this litigation, and these facts create precisely the kind of appearance of impropriety that §455(a) was intended to prevent.

While impartiality merely needs to be reasonably questioned, the conscientious judge should bear in mind that recusal is limited by the "extrajudicial source factor" which generally requires the recusal to be based on something other than rulings, opinions formed, or statements made by the judge. *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008).

Thus, a judge's conduct during the proceedings should not form the sole basis for recusal. Here there is no such conduct alleged since the Judge was recently assigned this case, and no substantive rulings have been made. In *Holland*, the court stated that the judge's conduct during the proceedings should not, except in the rarest of circumstances, form the sole basis for recusal. *Id.* at 914. Similarly in *Turner v. Langford*, the plaintiff's motion for recusal was based solely on orders issued by the judge during the litigation. Given that the alleged bias offered by plaintiff constituted judicial conduct, plaintiff failed to meet the burden that the judge was biased and must

5

MOTION FOR RECUSAL OF A
DISTRICT JUDGE PURSUANT TO
28 U.S.C. §455 AND REASSIGNMENT                                             3:22-cv-7307-AMO

be recused. No. CV 17-3146-R (RAO), 2019 WL 13128602, at *1 (C.D. Cal. Apr. 10, 2019). Defendants here do not move because of anything this Court has said or done but because this case was transferred to it in the ordinary course of new judge assignments. Judge Martínez-Olguín was nominated on August 1, 2022. This case was filed three months later on November 22, 2022. She was confirmed on February 28, 2023. The aid Mr. Manzo provided to the nomination is still quite recent. This case is distinct from the above cases because the alleged bias or prejudice is not based in any part of the judge's conduct. Rather, the appearance of bias is based on the judge's history and relationship with a potential witness for a party in the proceeding who was lying directly to defendants very close in time with supporting this Court's confirmation. More specifically, since the bias is based off the seemingly close relationship and dealings between Mr. Manzo and Judge Martínez-Olguín, the extrajudicial source factor is met.

Additionally, the Tenth Circuit has compiled a guiding, nonexhaustive but persuasive list of various matters not ordinarily sufficient to require a §455(a) recusal, including "rumor, speculation, prior rulings, mere familiarity with the defendants, or type of defense presented." *Clemens v. U.S. Dist. Ct. for Cent. Dist. Of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citing United States v. Cooley, 1 F.3d 985, 996 (10th Cir. 1993)). Here, however, the bias or prejudice is not based on rumor or speculation as there appears to be a stronger relationship between Mr. Manzo and Judge Martínez-Olguín, which is more than a "mere familiarity." *Clemens* speculates about personal relationships among the judges of a district that might give rise for a reasonable observer to question the impartiality of the judges. *Id.* at 1180. It has been decided that disqualification of a single judge is not warranted simply because of a professional relationship and not justified except under "high exceptional circumstance." *Id.* at 1180. Here, there are exceptional circumstances present because the relationship between Mr. Manzo and Judge Martínez-Olguín includes nominations, interviews, letters of recommendation, and public displays of support, and then transfer of this case to the Judge while the case was pending and after Mr. Manzo's efforts were successful.

Further, on March 10, 2021, SFLRLA hosted a panel discussion discussing legal challenges facing the Latinx community in which Judge Martínez-Olguín, then working at the National Immigration Law Center, spoke as a panelist for the organization. As evidenced above, Mr. Manzo and Judge Martínez-Olguín have likely worked closely in the past and Mr. Manzo's numerous public displays of support for the Judge's nomination creates an appearance of impartiality. Thus, a reasonable person would easily conclude there is at the very least an appearance of impartiality, and the Judge's ability to remain objective can be reasonably questioned.

### B. THE JUDGE HAS A POTENTIAL PERSONAL BIAS OR PREJUDICE CONCERNING A PARTY

Section 455(b)(1) states that a judge shall disqualify herself where she has a personal bias or prejudice concerning a party. While Section 455(a) requires an objective standard, Section 455(b) of Title 28 applies a subjective standard for the judge to determine whether he or she can be truly impartial when trying the case. If the judge feels there is a risk of prejudice, it is "incumbent on him to recuse himself from the case as failure to do so would amount to an abdication of duty" and would be "in clear derogation of the solemn promise he made when he took his oath of office." *Holland*, 519 F.3d at 915. In *Holland*, the defendant mailed threatening communications and phone messages to the judge. Yet, the court concluded the judge had no personal bias or prejudice concerning the defendant. In the present situation, a reasonable person could see there may be a personal bias or prejudice concerning one of the parties in the case. Since Judge Martínez-Olguín and Mr. Manzo have worked together in the past, and Mr. Manzo has clearly shown strong support of Judge Martínez-Olguín's nomination to the bench, it is likely to conclude there is suspected personal bias or prejudice for the FTC on whose behalf Mr. Manzo may serve as a likely witness, or the materials and evidence he worked to secure are used. The cross-examination of Mr. Manzo will require rulings from this Court as he is a key witness.

This test under Section 455(b) is a "test for actual bias." *Holland*, 519 F.3d at 915. This test requires each judge to set aside emotion and "thoughtfully examine his ability to impartially

administer justice without respect to person." *Id.* However, this standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id.* at 914. Mere speculation does not trigger the recusal requirements. In *Sibla*, plaintiff alleged grounds for recusal related to bias or prejudice stemming from judge's remarks during trial. The court concluded that the judge's comments did not create a reasonable ground for questioning his impartiality or personal bias against plaintiff. *Sibla*, 624 F.2d at 869.

The current case is distinguished from *Sibla* because the bias presented is not based on unsubstantiated suspicion or merely the judge's conduct in the courtroom. A showing of bias warranting recusal generally "must be based on extra-judicial conduct and not conduct that arises in a judicial context unless it displays deep-seated favoritism." *See* Guide to Judiciary Policy Vol. 2A (2019). Simply put, unfounded theories and accusations based on a judge's previous rulings or courtroom conduct is insufficient to meet the personal bias standard. Further, the United States Judicial Conference Advisory Committee on Codes of Conduct has stated that a "friendly relationship is not sufficient reason in itself" for a judge's recusal. 2 Guide to Judiciary Policies and Procedures, Ch. 4 at 21. Thus, it is not impermissible for judges to sit on cases despite having a level of "personal familiarity" with the parties involved. *United States v. Sundrud*, 397 F. Supp. 2d 1230, 1233 (C.D. Cal. 2005). Recusal is required where the level of personal relationship "increases to the point that the judge cannot be impartial, or a reasonable person would question the judge's impartiality." *Id.* Here, the potential bias or prejudice is based on the personal relationship between Mr. Manzo and Judge Martínez-Olguín, and this personal relationship is one in which a neutral observer could conclude the Judge likely will not be impartial. Alternatively, at the very least, a reasonable person would certainly question the Judge's impartiality. Here, the bias relates to the undeniable and favorable relationship between Mr. Manzo, whose falsehoods to the Defendants may be a key issue at trial, and Judge Martínez-Olguín. Since there is an extrajudicial source based on the past relationship between these two persons, it is likely to conclude that Judge Martínez-Olguín may have personal bias or prejudice towards a party in suit.

In sum, there is little reason not to recuse and reassign. Defendants believe that Mr. Manzo is a key witness whose credibility in lying to Defendants in a calculated and premediated fashion will be important to their defense. A new judge has been assigned the case shortly after being confirmed with the help of Mr. Manzo. This creates an appearance of bias that is totally not of this Courts' doing but should be remedied. Defendants have noticed Mr. Manzo's deposition and do not want to have to waste time questioning Mr. Manzo on all his contacts with Judge Martínez-Olguín when they depose him. That serves no one's interest in the underlying matter, and has only been thrust upon the parties and the Court by the new judge assignment process. It is better that this case be reassigned than to have such a question hanging over the proceedings. The difficulty in fashioning a remedy and the problems caused by failure to recuse have been highlighted by the Ninth Circuit.

> We recognize that this case has been tried once to judgment and that a retrial will involve considerable additional expense, perhaps with the same result as the first trial. This is unfortunate. It prompts us to repeat the words of the Fifth Circuit that "[t]he unfairness and expense which results from disqualification ... can be avoided in the future only if each judge fully accepts the obligation to disqualify himself in any case in which his impartiality might reasonably be questioned.

*Preston v. U.S.*, 923 F.2d 731, 735-36 (9th Cir., 1991) (quoting *Potashnick v. Port City Constr. Co.,* 609 F.2d 1101, 1115 (5th Cir.), *cert. denied,* 449 U.S. 820, 101 S. Ct. 78, 66 L.Ed.2d 22 (1980))

**CONCLUSION**

Based on the foregoing known, public history of Mr. Manzo supporting and writing letters of recommendation for Judge Martínez-Olguín's nomination to the bench, it is likely to conclude under Section 455(a) that a reasonable person would question the impartiality of the Judge in this suit. Under Section 455(b) there may actually be a clearly a personal bias in favor of the witness of one of the parties to the prejudice of Defendants. As such, a reasonable person would question the judge's impartiality and whether there is personal bias or prejudice concerning a party in the suit. For the aforementioned reasons, Judge Martínez-Olguín should recuse herself from the case, or alternatively, the case should be reassigned.

June 30, 2023						Respectfully Submitted,

/s/ John J. Vecchione
John J. Vecchione (appearance *pro hac vice*)
Kara M. Rollins (appearance *pro hac vice*)
Katherine "Casey" Norman (appearance *pro hac vice*)
NEW CIVIL LIBERTIES ALLIANCE
1225 19th St. NW, Suite 450
Washington, DC 20036
john.vecchione@ncla.legal, kara.rollins@ncla.legal, casey.norman@ncla.legal.com
Tel: (202) 869-5210

/s/ Fredrick A. Hagen
Fredrick A. Hagen (Cal. Bar No. 196220)
Berding & Weil LLP
2175 N. California Blvd., Suite 500
Walnut Creek, CA 94596
fhagen@berdingweil.com
Tel: (925) 963-6796

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2023, I electronically filed the foregoing Notice of Motion for Recusal and Reassignment and accompanying points and authorities with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ John J. Vecchione
John J. Vecchione (appearance *pro hac vice*)