ABDIEL T. LEWIS (Cal. Bar No. 339339)
EVAN ROSE (Cal. Bar No. 253478)
MICHAEL A. NARANJO (Cal. Bar No. 221449)
Federal Trade Commission
Western Region San Francisco
90 7th St., Suite 14-300
San Francisco, CA 94103
alewis4@ftc.gov, erose@ftc.gov, mnaranjo@ftc.gov
Tel.: (415) 848-5100

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>PRECISION PATIENT OUTCOMES, INC.,<br>    a corporation; and<br><br>MARGRETT PRIEST LEWIS,<br>    individually and as CEO of Precision<br>    Patient Outcomes, Inc.,<br><br>    Defendants. | Case No. 3:22-cv-7307-AMO<br><br>**PARTIES' JOINT LETTER REGARDING THE FTC'S MOTION TO COMPEL TESTIMONY PURSUANT TO THE FTC'S NOTICE OF 30(b)(6) DEPOSITION** |

Dear Judge Kim:

    Lead trial counsel for the parties met and conferred by telephone four times prior to filing this letter, most recently on June 28, 2023. An in-person conference was not possible because lead counsel for Defendants is located in Washington, DC. The parties have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing this joint letter.

| | |
|---|---|
| */s/ Michael A. Naranjo*<br>Attorney for Plaintiff Federal Trade Commission | */s/ John J. Vecchione*<br>Attorney for Defendants Precision Patient Outcomes, Inc. and Margrett Priest Lewis |

## Nature of the Dispute

This dispute concerns Defendants' objections to the FTC's Amended Notice of 30(b)(6) Deposition seeking to limit the testimony of Defendant PPO on the basis of (1) products, and (2) time period.[1] With respect to products, Defendants seek to limit testimony to their product COVID Resist, which was later renamed VIRUS Resist (herein referred to as "COVID Resist/VIRUS Resist"), and one other product with the same or similar formulation as COVID Resist/VIRUS Resist ("Immune-fx"). Defendants also seek to limit their testimony to May 2021 through June 2022. A copy of the Amended Notice of 30(b)(6) Deposition (the "Notice") is attached hereto as Exhibit A. The FTC seeks an order compelling Defendants to provide non-privileged, responsive testimony concerning all seven of their products (unless expressly further narrowed in the Notice by specific topic) as well as testimony covering November 18, 2019, to the present. Defendants oppose this request. Fact discovery is set to close on August 11, 2023.[2]

## FTC's Position

This case involves deceptive and unsubstantiated claims by Defendants that COVID Resist/VIRUS Resist can treat, prevent, or mitigate COVID-19, and that there is scientific evidence to support these claims. The FTC seeks injunctive relief to prevent Defendants from making unsubstantiated health claims in connection with any food, drug, or dietary supplement, not just COVID-related products. Discovery concerning (1) Defendants' other products, and (2) facts outside of the thirteen months during which COVID Resist/VIRUS Resist was advertised is relevant and proportional to the needs of the case because it bears directly on the factors that the Court will consider in evaluating the FTC's requested injunctive relief.

Defendants seek a blanket limit to the testimony of Defendant PPO by product and time period as to twenty-four of the thirty-one topics in the Notice.[3] Defendants have also suggested

---

[1] This is the second of two letter briefs concerning Defendants' objections to discovery as to the scope of products and time period. A separate letter addresses these same objections as to the FTC's RFPs.
[2] This joint letter addresses only the dispute concerning the product and time period objections to the 30(b)(6) Notice. The parties are continuing to meet and confer regarding other objections to the Notice, including the duration of the deposition.
[3] The topics in the Notice that are not in dispute are Topic Nos. 7, 18, 26, 27, 28, 29, and 30.

that they intend to assert these objections with respect to the individual testimony of Defendant Lewis.

To support their proposed truncation of discovery, Defendants argue that the Complaint is limited to allegations concerning COVID Resist/VIRUS Resist and May 2021–June 2022, but ignore the prayer for a "permanent injunction to prevent future violations of the FTC Act," not limited to COVID products. [Dkt. # 15 (FAC), p. 17.] Defendants also disregard that they have placed at issue their conduct before and after their chosen time period by averring that the "FTC is not entitled to injunctive relief as conduct occurred solely in the past and there is no danger of recurrence." [Dkt. # 47 (Answer), p. 7.] Defendants have similarly challenged the FTC's requested injunctive relief on the basis that there is "no continuing violation." [Dkt. # 21 (Motion to Dismiss), p. 11.]

The FTC's final compromise, and the relief it seeks here, is for Defendants to provide non-privileged, responsive testimony concerning all seven of their products (unless expressly narrowed in the specific deposition topic) as well as testimony from November 18, 2019, to the present.[4]

### A. The Requested Discovery Is Relevant to the FTC's Prayer for Injunctive Relief.

In considering the proper scope of a permanent injunction, courts consider: "(1) the seriousness and deliberateness of the violation; (2) [the] ease with which the violative claim may be transferred to other products; and (3) whether the [defendant] has a history of prior violations." *FTC v. Grant Connect, LLC*, 763 F.3d 1094, 1105 (9th Cir. 2014). The FTC "is not limited to prohibiting the illegal practice in the precise form in which it is found to have existed in the past." *Id.* Those "'caught violating' the FTC Act 'must expect some fencing in.'" *Id.* In cases such as this one, injunctive relief "may be framed 'broadly enough to prevent respondents from engaging in similarly illegal practices in future advertisements.'" *Id.*

---

[4] Because Defendants seek a blanket application of their objections and to avoid potential interruption of the depositions based on these objections, the FTC seeks relief and guidance addressing the propriety of the objections themselves rather than by individual topic in the Notice.

The facts considered by courts to evaluate "fencing-in" relief are not limited to those specific products or time periods chosen by defendants. "In carrying out the objectives of the [FTC Act], the FTC can seek the imposition of relief to close all roads to the prohibited goal." *FTC v. John Beck Amazing Profits, LLC*, 888 F.Supp.2d 1006, 1012 (C.D. Cal. 2012). The scope of an injunction is based on the specific facts of the case. For example, in determining that a product-specific injunction would not be sufficient to prevent further unlawful conduct, the court in *John Beck* looked to facts spanning nearly a decade that demonstrated the defendants' "long history of blatantly disregarding the law." *Id.* at 1013–14. The *John Beck* court also considered the facts of the defendants' "deceptive infomercials relating to other products" to conclude that their "deceptive telemarketing practices could be applied to any product." *Id.* at 1014–15.

The discovery sought by the FTC bears directly on the factors the Court will consider in determining the scope of the injunctive relief in this case. Testimony concerning Defendants' other products is relevant to the "ease" with which the challenged scheme "may be transferred to other products" as well as Defendants' "history of prior violations."[5] *See Grant Connect*, 763 F.3d at 1105. Indeed, a cursory review of Defendants' current website suggests the existence of evidence relevant to these factors. Among other claims, the website states that another product Brain-fx™ "supports mental agility and proper cell function" and includes a headline with the words "Memory, Focus, & Energy" above the product name.[6]

Testimony concerning Defendants' activities after June 2022 is relevant because Defendants have placed such activities at issue by disputing that past conduct is likely to recur. [Dkt. # 47 (Answer), p. 7; Dkt. # 21 (Motion to Dismiss), p. 11.] Testimony regarding conduct before May 2021 is relevant to Defendants' "history of prior violations," which would not be limited to the conduct alleged in the Complaint.[7] *See Grant Connect*, 763 F.3d at 1105; *see also*

---

[5] The topics in the Notice seek basic information such as PPO's corporate structure and management (No. 1), sales/refunds/chargebacks (Nos. 3, 12, and 13), advertisement/marketing/promotion (Nos. 5 and 6), websites (Nos. 8 and 9), research and substantiation for their health claims (Nos. 10 and 11), and consumer communications and customer service (Nos. 14 and 15).
[6] https://www.ppolab.com/products/bioassist%E2%84%A2-brain-fx%E2%84%A2
[7] The Notice also seeks testimony concerning relevant topics such as PPO's finances (No. 3), communications with government entities and compliance (Nos. 16 and 17), PPO's past and current business practices (No. 19), and

*FTC v. Wellness Support Network, Inc.*, No. 10-CV-04879-JCS, 2014 WL 644749, at *22 (N.D. Cal. Feb. 19, 2014) (Evaluating personal involvement to determine the length of reporting requirements).

### B. The Discovery Requested by the FTC Is Proportional to the Needs of the Case.

Testimony concerning Defendants' other products as well as facts from November 18, 2019, to the present is proportional to the needs of the case under Rule 26(b)(1). First, this information is critically important to "the issues at stake in the action" as well as to "resolving the issues." *See* F.R.C.P. 26(b)(1). As discussed above, this testimony will bear on the Court's evaluation of the "fencing-in" relief requested by the FTC to protect consumers from future harm. Defendants have challenged whether such relief is appropriate as a defense to this action. They should not be allowed to foreclose discovery now that they have placed these facts at issue.[8]

Second, the FTC would not have "relative access" to Defendants' personal knowledge concerning their other products or their activities before and after May 2021–June 2022. *See id.* That is particularly the case because Defendants have also sought to foreclose the discovery of their documents on the basis of these same objections.

Third, the amount in controversy is significant when considered from the perspective of the injunctive relief sought by the FTC to protect consumers from the deceptive practices used to advertise COVID Resist/VIRUS Resist as well as other potential schemes.

Fourth, the burden to provide this testimony is minimal and outweighed by its benefits. As a practical matter, the Notice seeks testimony regarding only a few products because, as confirmed by Defendants' counsel, PPO has offered only seven supplement products over the

---

information concerning the deletion/alteration of website and social media content (Nos. 20–24) that could be used to show a history of conduct and Lewis's involvement.

[8] The authority cited by Defendants is inapposite to this case and does not support the truncation of discovery because the cases either address a stipulated scope (*Stiles*) or stand for the unremarkable proposition that discovery should be relevant to the claims and defenses. The FTC has made a claim for injunctive relief. Defendants have asserted the defense that the FTC is not entitled to a permanent injunction and by their arguments here demonstrate they also intend to challenge the scope of permanent injunctive relief.

years.⁹ This minimal scope has been further narrowed with respect to several of the deposition topics, which are limited to COVID Resist/VIRUS Resist and "other PPO products related to the immune system." The same is true with respect to the time period, which covers three years prior to the filing of the Complaint to the present. This time period is reasonable and covers only a few months prior to the onset of the COVID-19 pandemic.¹⁰

For these reasons, the FTC respectfully requests that the Court issue an order compelling the testimony sought in the FTC's Notice of 30(b)(6) Deposition.

### Defendants' Position

Defendant Ms. Lewis is the sole proprietor and owner of Defendant PPO. PPO has had, at most, Ms. Lewis and one other employee at all relevant times. With no attention to Federal Rule of Civil Procedure 8 which requires a plaintiff to put the defendant on notice of specifically what it is accused of, and Federal Rule of Civil Procedure 26's requirement of both proportionality and that the discovery relate to something alleged in the Complaint, in this case the FTC seeks to expand discovery well beyond anything pled in the FAC. FTC's 30(b)(6) requests seek non-relevant information that is also not proportional to the needs of this case. Defendants seek a protective order limiting the scope of the 30(b)(6) or denying it outright on these subjects, except on the products named in the FAC, Covid Resist and VIRUS Resist, from January 1, 2021 through June 22, 2022. And as Immune-*fx* is still being produced and marketed inquiry regarding that specific product after June 22, 2022 to the present is not objected to on these grounds.

Contrary to the FTC's assertions, Defendants are not seeking to "truncate" Plaintiffs' discovery but to prevent its *expansion* beyond the specific allegations in the FAC or any

---

⁹ A quick review of PPO's current website also reveals that it offers only three products, not an unlimited universe. https://www.ppolab.com/collections/bioassist-nutritional-supplements-and-vitamins
¹⁰ Even absent this modest time period, Defendants' counsel has indicated that PPO has been in business for less than five years such that the scope of possible testimony is narrow.

reasonable interpretation thereof. The Court should peruse the FAC, *see* Dkt. 15, which only mentions two products. COVID Resist, which was never sold, and VIRUS Resist which ceased being sold before the FTC filed its initial Complaint. *See* FAC ¶¶ 22, 34, 37, 53 As part of the meet and confer process Defendants agreed to produce all requested material related to its product Immune-*fx* which has the same or substantially similar ingredients to VIRUS Resist. The FAC alleges nothing objectionable Defendants said about any other product. The gravamen of the FAC is about statements allegedly made that suggest COVID Resist or VIRUS Resist "treat, prevent, or mitigate COVID-19[.]" FAC paragraphs 2-52 describe what FTC alleges that Defendants said and did in regard to these two products and the statements they allegedly made about how those two products "treat, prevent, or mitigate COVID-19[.]" There are then only two counts. Each count alleges only statements made by Defendants related to those two products. FAC ¶¶ 53-62. For all the burdensome, irrelevant discovery it seeks, the FTC relies on FAC paragraph 63, and perhaps Prayer for Relief "A" which requests an injunction. Paragraph 63 in its entirety states:

> Consumers are suffering, have suffered, and likely will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers and harm the public interest.

*Id.*

That paragraph relates only to the paragraphs before it, allegations about Covid-19 and the products at issue—COVID Resist and VIRUS Resist. It is not a free-floating invitation to examine non-alleged violations the FTC has made up since it filed the FAC. It cannot support saddling the Defendants with crushingly irrelevant and burdensome deposition preparation on products that even the FTC does not and cannot allege have been touted to do anything at all related to Covid-19,or for time periods when no violation is alleged.

How is counsel to prepare a 30(b)(6) witness on allegations never made for products never mentioned in this entire litigation? The FTC only cites a case related to its remedy to "fence in" behavior but not any case which expands discovery based on the remedy sought rather than the allegations made in the FAC. Neither cited case involves a discovery dispute they are scope of injunction cases. *See FTC v. Grant Connect, LLC,* 763 F3d 1094 (9th Cir., 2014); *FTC v. Wellness Support Network, Inc.* No. 10-CV-04879-JCS, 2014 WL 644749 (N.D. Cal., 2014). Neither discusses *claims and defenses* which must support expanded discovery.

There is no allegation in the FAC about any violation of law by Defendants after June of 2022. *See* FAC ¶ 37. The suit was filed in November of 22, 2022 and filed again as late as April 7, 2023. *See* Dkt. 40. Limiting time of inquiry from January 1, 2021, the earliest time when Defendants might have started considering making any dietary supplements, to June 22, 2022, the last date alleged in the FAC is completely reasonable. This is particularly so because there is no objection to any inquiries based on time to the present regarding Immune-*fx*. The FTC has received at least some discovery on every product sold by PPO with the same or substantially similar ingredients as COVID Resist and VIRUS Resist from when they were first produced to present. Defendants do not seek to limit the timeline of the 30(b)(6) concerning Immune-*fx* to June 22, 2022 but will prepare the witness for claims about that product from then to the present. The objections remaining are preparing a witness on every aspect of PPO's business from well before the company even contemplated making dietary supplements to present and on any product PPO has ever been associated with.

Precedent is firmly on Defendants' side. Courts have held that a 30(b)(6) witness need only be prepared for a period of time reasonably alleged in the Complaint and on the products that are the subject matter of that dispute. *See Stiles v. Walmart*, No. 2:14-cv-2234-ME-DMC, 2020 WL 589107 *4-6 (E.D. Cal. Feb. 6, 2020) (ordering 30(b)(6) witness prepared for reasonable agreed time period and product category); *and see Smith v. Adam*, No. C 10-4389 CW (PR), 2013 WL 1283478 *9 (N.D.

Cal. Mar. 26, 2013) (prohibiting discovery requests that did not relate to any claim or defense in the action). The *Stiles* case, though the plaintiff agreed to the time and product at issue, is striking because unlike Defendants here, Walmart, unlike Defendants is an enormous company with resources to absorb such requests.

The FTC pled none of what it now seeks about other products and none of those products, even now, relate to any statements about Covid-19 which is the entire gravamen of the FAC. It should be held to its pleadings like other litigants are. *See Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 909 (9th Cir. 2011) (plaintiff could not add new "barriers to entry" in an expert report that were not pled in the Complaint). That case cites Rule 8(a)(2) and the Supreme Court noting that a "complaint must provide 'the defendant[with] fair notice of what the … claim is and the ground upon which it rests." *Id*. (citation omitted). No fair reading of the FAC could apprise Defendants any business practice unrelated to those two products was at issue. The request is burdensome and unlikely to produce relevant evidence. *See Miletak v. Allstate Insurance Co.*, No. C 06-03778 JW, 2011 WL 13153995 *4 (N.D. Cal. Sept. 30, 2011) (denying discovery on overbroad timeline when the "vast majority" of production "would have little, if any, relationship to any issue that is relevant in this case…"); *Online Guru, Inc. v. Cartagz Inc.*, No. 2:17-cv-01121 TLN GGH, 2018 WL 1911819 *4 (E.D. Cal. Apr. 23, 2018) (criticizing document requests that "are not tethered to the issues in the case, nor is there any stated time frame" (and citing many cases to the same effect)).

Defendants' defenses do not allow expanded discovery past June 2022 for all products. Defendants are not objecting to any questions beyond that date concerning the marketing of Immune-*fx* or what steps have been taken regarding it *because it is still being sold.* The one product that could even tangentially be related to the allegations of the FAC will have a 30(b)(6) witness produced regarding it. No other product is likely to have any of the alleged statements in the FAC and the FTC's attempt to burden the Defendants with a greatly expanded claim that it never pled is more than paragraph 63 of the FAC can bear or that precedent allows.

Pursuant to Civ. L.R. 5-1, the filer attests that concurrence in the filing of the document has been obtained from the other signatory.

Dated: July 6, 2023

/s/ *Michael A. Naranjo*
ABDIEL T. LEWIS
EVAN ROSE
MICHAEL A. NARANJO
Federal Trade Commission
Western Region San Francisco
90 7th St., Suite 14-300
San Francisco, CA 94103
Tel.: (415) 848-5100

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION