ABDIEL T. LEWIS (Cal. Bar No. 339339)
EVAN ROSE (Cal. Bar No. 253478)
MICHAEL A. NARANJO (Cal. Bar No. 221449)
Federal Trade Commission
Western Region San Francisco
90 7th St., Suite 14-300
San Francisco, CA 94103
alewis4@ftc.gov, erose@ftc.gov, mnaranjo@ftc.gov
Tel.: (415) 848-5100

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>PRECISION PATIENT OUTCOMES, INC., a corporation; and<br><br>MARGRETT PRIEST LEWIS,<br>    individually and as CEO of Precision Patient Outcomes, Inc.,<br><br>    Defendants. | Case No. 3:22-cv-7307-AMO<br><br>**AMENDED NOTICE OF TAKING DEPOSITION OF PRECISION PATIENT OUTCOMES, INC.**<br><br>Date:    TBD<br>Time:   9:00 a.m. PT<br>Place:  Federal Trade Commission<br>           90 7th St., Suite 14-300<br>           San Francisco, CA 94103 |

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Federal Trade Commission (the "FTC") will take the deposition upon oral examination of Defendant **Precision Patient Outcomes, Inc.** ("PPO"), through one or more officers, directors, agents, or other representatives who shall be designated to testify on its behalf regarding all information known or reasonably available to PPO with respect to the subject matters, identified in Exhibit A. **Pursuant to Rule 30(b)(6), the FTC and PPO must confer in good faith about the matters for examination promptly after this notice is served.**

The deposition will be recorded by audio-visual and stenographic means before a certified shorthand reporter or another such person authorized to administer oaths, and may be transcribed using real-time transcription. The deposition will commence on **a date to be determined by agreement of the parties at 9:00 a.m. PT** at the offices of the FTC, 90 7th St., Suite 14-300, San Francisco, CA 94103, and will continue from day to day thereafter until completed.

Dated: May 22, 2023

        /s/ Abdiel T. Lewis
ABDIEL T. LEWIS
EVAN ROSE
MICHAEL A. NARANJO
Federal Trade Commission
Western Region San Francisco
90 7th St., Suite 14-300
San Francisco, CA 94103
Tel.: (415) 848-5100

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

# EXHIBIT A

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, the FTC designates the matters identified below for examination. In construing these topics, all terms shall be construed to encompass as broad a range of information as permitted under the Federal Rules of Civil Procedure. Unless otherwise specified, the time period covered by these topics shall not be limited.

1. PPO's corporate structure; ownership or management; personnel; consultants; chain of command and division of duties and responsibilities; hires and terminations; relationship to the Margrett Priest Lewis; and location of documents and records.

2. Education, certifications, and professional training and experience of PPO's owners, managers, employees, and independent contractors.

3. PPO's finances, including total customers, sales, refunds, and chargebacks; procedures for sales, refunds, and chargebacks; advertising and marketing expenditures, and all persons and entities involved.

4. The development, manufacture, formulation, packaging, labeling, usage instructions, safety, efficacy, and testing of COVID Resist/VIRUS Resist and any other PPO products related to the immune system, and all persons and entities involved.

5. The advertising, marketing, or promotion of COVID Resist/VIRUS Resist and any other PPO products related to the immune system, including advertising on ppo-health.com, ppolab.com, or any other website; Facebook, Instagram, Tik Tok, or any other social media; and all persons and entities involved.

6. Dissemination of advertising for COVID Resist/VIRUS Resist and any other PPO products related to the immune system, and all persons and entities involved.

7. Creation, design, development, review, revision, testing, evaluation, or approval of advertising, marketing, or promotional strategies and materials for COVID Resist/VIRUS Resist and any other PPO products related to the immune system, including consumer interpretation or understanding of advertising claims, and all persons and entities involved.

8. Creation, management, and operation of any website that described, discussed, promoted, advertised, or sold COVID Resist/VIRUS Resist and any other PPO products related to the immune system, including ppo-health.com and ppolab.com, and all persons and entities involved.

9. PPO's domain name registrations, trademark applications and registrations, and online service and social media account registrations, and all persons and entities involved.

10. Research and substantiation relating to advertising claims for COVID Resist/VIRUS Resist or any other PPO products related to the immune system, and all persons and entities involved, including consultants retained to provide advice about research and substantiation.

11. Any human clinical trial proposed, planned, or conducted by or on behalf of PPO regarding COVID Resist/VIRUS Resist or any other PPO products related to the immune system, or on any constituent ingredient of such products, and all persons and entities involved.

12. Sales, order processing, fulfillment, or distribution of COVID Resist/VIRUS Resist or any other PPO products related to the immune system, including communications with retailers and suppliers, and all persons and entities involved.

13. Sales figures for COVID Resist/VIRUS Resist or any other PPO products related to the immune system, including number of customers, sales, refunds, and chargebacks, and all persons and entities involved.

14. Consumer calls, correspondence, emails, messages, chats, comments, and social media postings regarding COVID Resist/VIRUS Resist or any other PPO products related to the immune system, including requests for information, purchases, returns, comments, reviews, concerns, and complaints relating to the products, and all persons and entities involved.

15. Customer service, including customer service for online and phone orders, and any training, instructions, guidelines, FAQs, manuals, scripts, or feedback on customer service, and sources of information for customer service personnel to consult in responding to prospective and actual customers, and all persons and entities involved.

16. Communications with the FTC, FDA, or other state and federal entities, and all persons and entities involved.

17. Compliance with laws, regulations, and other legal requirements regarding COVID Resist/VIRUS Resist or any other PPO products related to the immune system, and all persons and entities involved.

18. All subjects in, and documents and materials Defendants produced in response to, Plaintiff's First Set of Requests for Production of Documents & Tangible Things to Defendants and all other discovery requests to PPO by the FTC.

19. PPO's past and current business, including business practices, lines of business, products, and advertising, and all persons and entities involved.

20. The procedures PPO used to preserve, search for, locate, and select for production documents and information responsive to the FTC's Requests for Production of Documents, and all persons and entities involved.

21. The procedures PPO used to preserve materials when litigation in this matter was reasonably foreseeable, and all persons and entities involved.

22. PPO's websites, including any changes or deletions made to the content of those websites, and all persons and entities involved.

23. PPO's social media accounts, including any changes or deletions made to the contents of those social media accounts, and all persons and entities involved.

24. The alteration, deletion, or destruction of any of PPO's documents or information, in whatever form, after May 5, 2021, and all persons or entities involved.

25. All facts supporting PPO's claims that the contemplated relief would not be in the public interest and would harm consumers. (Dkt. #47 at 7).

26. All facts supporting PPO's claims that the FTC's claims are barred by laches, estoppel, waiver, and/or other equitable principles or defenses. (Dkt. #47 at 7).

27. All facts supporting PPO's claim that neither the FTC nor any consumer has suffered any actual or likely injury, harm, or economic loss. (Dkt. #47 at 8).

28. All facts supporting PPO's claim that PPO acted at all times with reasonable care and competence and/or in accordance with industry standards in the matters alleged by the FTC. (Dkt. #47 at 8).

29. All facts supporting PPO's claim that the FTC failed to provide PPO with the requisite response to its inquiries as required by the Small Business Regulatory Enforcement Fairness Act of 1996. (Dkt. #47 at 8).

30. All facts supporting PPO's claim that the FTC failed to mitigate any damages that it now alleges. (Dkt. #47 at 8).

31. All facts supporting PPO's claims relating to "valid scientific principles recognized as reliable in this Court and throughout the scientific world." (Dkt. #47 at 9).

# CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing is being served by email on May 22, 2023, to counsel for Defendants as follows:

**PRECISION PATIENT OUTCOMES, INC.**
**MARGRETT PRIEST LEWIS**
John J. Vecchione, Esq.
Kara Rollins, Esq.
Casey Norman, Esq.
New Civil Liberties Alliance
1225 19th St NW, Suite 450
Washington, DC 20036
(202) 869-5210
john.vecchione@ncla.legal
kara.rollins@ncla.legal
casey.norman@ncla.legal

                                        /s/ Abdiel T. Lewis
                                        Abdiel T. Lewis
                                        Attorney for Plaintiff
                                        FEDERAL TRADE COMMISSION