UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>PRECISION PATIENT OUTCOMES, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-07307-AMO (SK)<br><br>**ORDER REGARDING DISCOVERY DISPUTES**<br><br>Regarding Docket Nos. 56, 57 |

On July 6, 2023, the parties filed two joint letter discovery briefs to address their discovery disputes regarding Defendants' objections to the requests for production of documents by Plaintiff Federal Trade Commission and to the amended deposition notice under Federal Rule of Civil Procedure 30(b)(6) to Defendant Precision Patient Outcomes, Inc. ("PPO"). Both letter briefs address the same two general issues but in the context of a deposition of Defendant PPO pursuant to Rule 30(b)(6) and responses by Defendants PPO and Margaret Priest Lewis to Requests for Production of Documents propounded by Plaintiff.

For the reasons set forth below, the Court ORDERS that the responses by Defendant both to the deposition and the Requests for Production of Documents are limited to products mentioned in the First Amended Complaint but are not limited to the time period proposed by Defendant. Defendant PPO must provide a witness to testify about the topics (limited to the two products mentioned in the First Amended Complaint) for the time period of November 18, 2019 to the present. Defendants must produce documents responsive to the Requests for Production of Documents from the time period of November 18, 2019 to the present.

**BACKGROUND**

In this case, Plaintiff alleges that Defendants PPO and Lewis sold a dietary supplement

1 under the names COVID Resist and VIRUS resist and made claims that the products can "treat,

2 prevent, or mitigate COVID-19." (Dkt. No. 40.) Plaintiff alleges that Defendants "lack any

3 reasonable basis for their health claims and misrepresent the research and studies they allege

4 support their health claims." (*Id*.) Plaintiff alleges two claims under the FTC Act for false and

5 unsubstantiated efficacy claims and false scientific proof claims. (*Id*.) As relief, Plaintiff seeks a

6 permanent injunction to prevent future violations of the FTC Act and the COVID-19 Act,

7 monetary and other relief, monetary civil penalties, and any other relief "as the Court deems to be

8 just and proper." (*Id*.)

9         In the deposition notice to Defendant PPO, Plaintiff lists several categories of information

10 about "COVID Resist/VIRUS Resist and any other PPO products related to the immune system,"

11 and provides no time limitation. (Dkt. No. 57-1.)

12         In the Request for Production of Documents, Plaintiff seeks information about the

13 "Product," defined as "COVID Resist/VIRUS Resist, products with one or more of the ingredients

14 in COVID Resist/VIRUS Resist, "and any other dietary supplement with purported health benefits

15 related to COVID-19, viruses, or the immune system generally." (Dkt. No. 56-1.) In their

16 "General Objections," Defendants object to the definition of "Product" "on the basis that it seeks

17 to include any dietary supplements with a certain combination of ingredients that have not be

18 included in the subject matter of this action. (Dkt. No. 56-2.)

19         Plaintiff defined the "Applicable Time Period" as follows: "Unless otherwise specified,

20 the time period covered by these Requests shall not be limited and You should provide all

21 Documents requested, regardless of dates or time periods involved." (Dkt. No. 56-1.) Defendants

22 also object to Instruction A "Applicable Time Period" and limited their production to the time

23 period of May of 2021 until December of 2022. (Dkt. No. 56-2.)

**ARGUMENT**

25         Plaintiff argues that Defendants should produce documents for the longer time period and

26 for more than just the two products mentioned in the First Amended Complaint because the

27 discovery is relevant to the relief Plaintiff requests. Plaintiff seeks injunctive relief in this case

28 and argues that, to enjoin Defendants, the Court can consider: "(1) the seriousness and

deliberateness of the violation; (2) [the] ease with which the violative claim may be transferred to other products; and (3) whether the [defendant] has a history of prior violations." *FTC v. Grant Connect, LLC*, 763 F.3d 1094, 1105 (9th Cir. 2014). In establishing an injunction, the Court is not "limited to prohibiting the illegal practice in the precise form in which it is found to have existed in the past" but may frame the injunction "broadly enough to prevent respondents from engaging in similarly illegal practices in future advertisements." *Id*. (internal citation and quotation omitted).

Here, the longer time period is relevant to this case because the requested discovery seeks information about the development of the products at issue, communications about the products at issue, advertisements, marketing, and other actions that Defendants took before they sold the products at issue. Plaintiff is entitled to discovery about those acts even before Defendants actually sold the products at issue. The longer time period going forward to the present is also relevant so that Plaintiff can determine if Defendants are continuing to research, market, advertise, or sell the products at issue.

The discovery should be limited to the products identified in the First Amended Complaint – rather than to any product related to the immune system – because that definition is overly broad. Plaintiff has put Defendants on notice that their actions in marketing and selling COVID Resist and VIRUS resist are in question. Plaintiff cannot at this time expand discovery to additional products not identified in the First Amended Complaint.

**IT IS SO ORDERED**.

Dated: July 10, 2023

_____
SALLIE KIM
United States Magistrate Judge

3